**RANDY M., et al.**

v.

**TEXAS CITY ISD**

**No. CIV. A. G–00–217.**

United States District Court,
S.D. Texas,
Galveston Division.

May 5, 2000.

Daniel Lee McCall, Katy, TX, for Randy M., Mr. & Mrs. Randy M.

David B. Hodgins, Bracewell & Patterson, Houston, TX, for Texas City Independent School District.

## ORDER DENYING PLAINTIFFS' APPLICATION FOR MANDATORY INJUNCTION

KENT, District Judge.

Randy M. is a thirteen-year-old student currently enrolled in the Texas City Independent School District (the "District"). Now before the Court is Plaintiffs' Application For Mandatory Injunction, filed April 17, 2000. Plaintiffs seek an Order requiring the School District to retain Randy in his last agreed upon educational placement. For reasons explained more fully below, Plaintiffs' Application For Mandatory Injunction is **DENIED.**

### I. Factual Background and Analysis

On November 19, 1999, Randy, acting in concert with another male student, ripped the break-away wind pants off a female student, thereby exposing that student's underwear. The school found that this intentional conduct violated the provisions of the Texas City ISD Student Code of Conduct, and recommended that both the offending students be assigned to the Alternative Education Program for the remainder of the school year. However, because Randy is a special education student, his placement at an Alternative Learning Center was abated until his Admission Review and Dismissal Committee ("ARD Committee") could determine if Randy's actions on November 19, 1999 were a manifestation of his disability.

On December 10, 1999 Randy's ARD Committee met for the manifestation determination review ("MDR"). The MDR/ARD Committee ultimately concluded that the pants ripping episode was not a manifestation of Randy's previously identified disability. Accordingly, arrangements were made to place Randy in the Alternative Education Program. This program is the relevant disciplinary procedure applicable to children without disabilities, and was the punishment bestowed upon Randy's non-disabled cohort.

The Court finds that the disciplinary response by the District was entirely appropriate given the facts of this case. The evidence suggests that Randy intentionally assaulted a female student, and did so after planning that assault with another student. A planned and intentional assault of a fellow student, particularly an assault

with sexual overtones, is a very serious infraction. The District was wholly justified in taking stern and aggressive remedial action when faced with such conduct. Indeed, the District could well have been liable to the female victim had the District failed to take appropriately aggressive disciplinary action.

Not only was the District's actions entirely appropriate given the facts of this case, but the Court also finds that Plaintiffs have, on several occasions, failed to exhaust the various administrative remedies available to them and appear not to be working in a good faith manner with the school authorities. The record indicates that the District has bent over backwards to listen to Plaintiffs' concerns and accommodate their desires. For example, during the December 10, 1999 ARD Committee meeting, the Committee offered to recess the meeting to give the Plaintiffs an opportunity to gather and present evidence that Randy suffered from a previously unrecognized disability which may have been responsible for the pants ripping incident. Plaintiffs rejected this offer. Moreover, it appears that Plaintiffs have failed to take advantage of the District's administrative procedures for review of the Special Education Hearing Officer's determination, preferring instead to withdraw Randy from the school, and then re-enroll him after filing the instant federal litigation.

Randy's parents are faced with a truly difficult challenge: raising a learning disabled teenager who is beginning to manifest serious behavioral problems. The Court sympathizes with the parents' situation, and sincerely hopes that psychiatric treatment and other remedial measures are effective in addressing their son's problems. However, there is simply no evidence that the disciplinary actions of the District were in any respect inappropriate or denied Randy his constitutional rights to due process.

## II. Conclusion

The Court concludes that the actions of the District have been entirely appropriate given the serious nature of the infraction at issue. There have certainly been no deficiencies in the treatment Randy has received which rise to the level of a constitutional violation. Plaintiffs have failed to satisfy the stringent criteria for injunctive relief outlined in Fed.R.Civ.P. 65. Consequently, Plaintiffs' Application For Mandatory Injunction is **DENIED.** This action is administratively closed for a period of **180 DAYS.** In the event that complications arise which cannot be resolved after **EARNEST** and **GOOD FAITH** attempts have been made in the appropriate Texas City ISD **ADMINISTRATIVE SETTING,** either party may move to re-open this case. At the expiration of this time period and in the absence of a timely motion to re-open these proceedings, Plaintiffs' claims will be **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**